**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

MACE ARTHUR BERGER,

       Plaintiff,
v.

DISTINCTIVE CONTRACT SERVICES, LLC,
JONATHAN B. KIDD,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, MACE ARTHUR BERGER, brings this action against Defendants, DISTINCTIVE CONTRACT SERVICES, LLC and JONATHAN B. KIDD, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MACE ARTHUR BERGER was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. Plaintiff engaged in interstate commerce within the meaning of the FLSA through his interstate communication and travel pursuant to his employment.

4. At all times material hereto, Defendant, DISTINCTIVE CONTRACT SERVICES, LLC, is a South Carolina corporation engaged in business in South Florida, engaged in commerce in the field of construction, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

1

5.      Defendant, JONATHAN B. KIDD, is a resident of York County, South Carolina and was, and now is, the managing agent, director and/or owner of Defendant, DISTINCTIVE CONTRACT SERVICES, LLC; said Defendant acted and acts directly in the interests of Defendant, DISTINCTIVE CONTRACT SERVICES, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates DISTINCTIVE CONTRACT SERVICES, LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JONATHAN B. KIDD was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.       In justifiable reliance upon Defendants' representations and promises, Plaintiff MACE ARTHUR BERGER accepted employment and began working for Defendants as a construction worker.

7.      During Plaintiff's employment, Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

8.      Defendants also required Plaintiff to incur unreimbursed costs pursuant to his employment including gas and hotel expenses, which resulted in a greater deficit to Plaintiff's entitlement to overtime wages.

9.      The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statements of claim as an <u>Exhibit A</u> to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

10.      Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

11.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

13.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

                                Respectfully submitted,

                                Koz Law, P.A.
                                320 S.E. 9th Street
                                Fort Lauderdale, Florida 33316
                                Phone: (786) 924-9929
                                Fax:    (786) 358-6071
                                Email: ekoz@kozlawfirm.com

                                _____
                                Elliot Kozolchyk, Esquire
                                Bar No.: 74791